METROPOLITAN LIFE INS. CO. *v.* ADAMS.

(Decided April 2, 1934.)

*Messrs. Mallon, Vordenberg & Marble,* for plaintiff in error.

*Mr. Nicholas Klein,* for defendant in error.

HAMILTON, P. J. The action in the court below was to recover on an insurance policy. The policy was issued January 14, 1931, on the life of Philip Adams.

Leota Adams, his wife, was named beneficiary in the policy. The insured died May 5, 1931. Due proof of death was made to the company. The company refused payment on the ground of fraud and untrue statements regarding his health made by the insured in the application for the insurance and regarding treatment by physicians, hospital service and loss of time, etc. Thereupon, Leota Adams, the beneficiary, brought suit in the Court of Common Pleas against the insurance company. Trial was had before a court and jury. The jury returned a verdict in favor of the plaintiff, Leota Adams, in the sum of $1,000, this being the amount of the policy. Motion for a new trial was overruled, and judgment was entered on the verdict. From that judgment the insurance company prosecutes error to this court.

There are several specifications of error urged:

It is contended that the court erred in overruling the motion of the insurance company for an instructed verdict; that there was error in the special charge; error in the general charge; error in the admission and rejection of evidence, and that the verdict and judgment are contrary to the weight of the evidence.

The court did not err in overruling the motion for an instructed verdict, as will appear later in this opinion in connection with the question of the admission and rejection of evidence.

It is argued that the court erred in refusing defendant's special charge No. 5. This charge was correctly refused under Section 9391, General Code. The charge omits to state "that but for such answer the policy would not have been issued".

We find no prejudicial error in the general charge. As a whole, it was favorable to the defendant and protected fully its rights under the law.

This leads us to the question of the admission and rejection of evidence.

The only evidence we find it necessary to discuss is the evidence offered by the defendant company through the physician who examined the insured, and that of the local agent through whose office the insurance was handled.

Section 9391, General Code, provides:

"No answer to any interrogatory made by an applicant, in his or her application for a policy, shall bar the right to recover upon any policy issued thereon, or be used in evidence upon any trial to recover upon such policy, unless it be clearly proved that such answer is wilfully false, was fraudulently made, that it is material, and induced the company to issue the policy, and that but for such answer the policy would not have been issued; and, also that the agent or company had no knowledge of the falsity or fraud of such answer."

It is, therefore, incumbent upon the company, as a defense to the policy, the defense being based on false answers to interrogatories contained in the application for the policy, to prove that the answers were wilfully false, were fraudulently made, that they were material and induced the company to issue the policy, *and that but for such answers the policy would not have been issued;* and, also, that the agent or company had no knowledge of the falsity or fraud of such answers.

Without discussing the evidence we are of the opinion that the evidence fully preponderates in favor of the insurance company, with the exception of that part of the section of the General Code which requires that the company prove "that but for such answer the policy would not have been issued". This provision in the act is accounted for by the fact that the company might waive some adverse statements concerning the health of the applicant, and issue the policy notwithstanding. Paragraph 4 in the policy provides:

"4. Entire Contract:—This Policy and the application therefor constitute the entire contract between the parties, and all statements made by the Insured, shall, in the absence of fraud, be deemed representations and not warranties, and no statement shall avoid this Policy or be used in defense of a claim hereunder unless it be contained in the application therefor and a copy of such application is attached to this Policy when issued."

Therefore, the false representations or untruthful answers, if there be such, are not considered warranties, but are only "representations". It may be that, in the absence of evidence to the contrary, had the interrogatories been truthfully answered, the company would, notwithstanding, waive physical and health defects and issue the policy. It was, therefore, incumbent upon the insurance company, as a defense, to establish the fact "that but for such answer the policy would not have been issued".

The whole case therefore turns on whether or not there was evidence to sustain this fact. To establish this fact in its defense the company asked the examining physician what he would have done in making a recommendation to the insurance company had he known that the answers were untruthful and the conditions different. This question was objected to, and the objection sustained. Counsel for defendant excepted, and made a proffer to the effect that he would have conducted himself differently in the examination and would have made a different recommendation to the company. This is no evidence tending to prove what the company would have done as to the issuance of the policy. It was properly rejected. All the questions propounded to the examining physician are to the same effect, and are equally objectionable.

The court committed no error in excluding the evidence sought to be introduced through the examining physician.

The company next called Frank Trau, local manager of the defendant insurance company, and asked him questions similar to those asked of the doctor, as to what he would have recommended had he known the truth. This was objected to by counsel for plaintiff, and the objection was sustained, and properly so. The same reasoning would apply to this question as to the questions asked the examining physician. The question was then asked by counsel for the insurance company:

"Q. Are you in a position to know, Mr. Trau, from your connection with the company, in a case of that kind, whether or not the company would refuse an application or whether it would approve the application?"

This question was objected to and the objection sustained. Whereupon, counsel for the insurance company made the following proffer:

"That if the witness were permitted to testify he would have said * * * that he is in a position to know as he, himself, must pass upon and approve or disapprove the application before it is sent on to the home office for action thereon and that where he disapproves of the issuance of a policy, the company would not issue one."

The difficulty with this question is that the tender is not responsive to the question. The question was limited as to whether or not the company would refuse an application or approve it. This is not the question. The real question is, would the company have issued the policy but for that answer. Had the question been such as to make the tender responsive thereto, it would have been admissible, and would have been evidence sufficient to defeat the claim.

The question is whether or not the court erred in sustaining the objection to the question. The question not being material, was objectionable. This court

cannot find that the Court of Common Pleas erred in sustaining the objection to the question. The tender was not responsive to the question asked. No other evidence was offered on the point.

This leaves us in the position that the company failed entirely to prove "that but for such answer the policy would not have been issued". The law is that the point must be clearly proved. The insurance company having failed to offer any proper proof "that but for such answer the policy would not have been issued", no prejudicial error resulted, and the judgment must be affirmed.

*Judgment affirmed.*

Ross and RICHARDS, JJ., the latter of the Sixth Appellate District, concur.

(Decided April 13, 1934.)

ON APPLICATION for rehearing.

On considering the application for rehearing in this case, we have examined the bill of exceptions on the question of the evidence concerning waiver of answers in the application, and what the company would have done about issuing the policy had it known the answers were untrue.

It must be borne in mind that this proposition as a defense must be proven by clear and convincing evidence. Had the questions and answers been admitted they would not have had any probative value. There is no showing that the witnesses were qualified to answer the questions, the one being merely the local medical examiner for the company, and the other the local agent. How it can be claimed that these witnesses could testify as to what the company would do as to waiving untrue answers we do not understand.

The single question asked of the medical examiner,

claimed in the application for rehearing to be pertinent, appears in the record, and that question is:

"Q. Now, doctor, if it had been reported to the Company that this man was suffering from kidney trouble, high blood pressure and the eye defect mentioned, would the company have issued this policy of insurance?"

This is not the question for determination. The question necessary to prove was, had the company known the answers to the questions in the application were untrue would it have issued the policy? None of the questions were properly presented, and most of the proffers were not responsive, and, as above stated, it is not shown that the two witnesses were qualified to answer the questions had they been properly asked and properly tendered. The court, therefore, adheres to its former opinion, and the application for rehearing is denied.

*Rehearing denied.*

HAMILTON, P. J., and Ross, J., concur.